

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:00-CR-208(1) |
| | § | |
| | § | |
| CARL THOMAS KINGSTON | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Carl Thomas Kingston, violated conditions of supervised release imposed by United States District Judge Thad Heartfield of the Eastern District of Texas. The Government filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release. The Court conducted a hearing on June 8, 2005, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing.

Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On September 6, 2001, The Honorable Thad Heartfield, United States District Judge for the Eastern District of Texas, sentenced Defendant after he pled guilty to the offense of possession of a firearm by a convicted felon, a Class C felony. Judge Heartfield sentenced Defendant to forty-six (46) months imprisonment to be followed by a three (3) year term of supervised release. The imposed term of supervision was subject to the standard conditions of

release plus special conditions to include drug aftercare and a $100.00 special assessment. On December 29, 2004, Mr. Kingston completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

*The defendant shall participate in a program of testing and treatment for alcohol and drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.*

Specifically, on June 1, 2005, Carl Kingston was admitted to an inpatient drug treatment program at Franklin House South in Beaumont, Texas. On June 2, 2005, Carl Kingston left Franklin House South without permission. He reported to the U.S. Probation Office on June 2, 2005, and reported that he would rather be in prison than in the Franklin House.

### C. Evidence presented at Hearing:

At the hearing, the government proffered the following evidence as its factual basis for the allegations set out *supra*.

The government would present sworn testimony from United States Probation Officer Robert White. Mr. White supervises Mr. Kingston. Mr. White would attest to the truth of the allegation that Defendant failed to complete his participation in a drug treatment program. He would specifically testify that Defendant left the Franklin House without permission and that he failed to report to the halfway house again as required.

Defendant, Carl Thomas Kingston, did not object to the evidence and offered a plea of true to the allegations. Specifically, Mr. Kingston pled true to the allegation that he violated the special condition that he participate in a program of testing and treatment for alcohol and drug abuse as directed.

### D. Sentencing Guidelines and Findings

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated the conditions of his supervised release by failing to participate in a program for drug and alcohol treatment as directed. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon Mr. Kingston's criminal history category of V and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from seven (7) to thirteen (13) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

### E. Consent and Waiver

Defendant was admonished of his rights pursuant to Federal Rules of Criminal Procedure 11 and 32(I)(4). Defendant voluntarily, freely and knowingly:

(1) consented to revocation of his supervisory release;

(2) consented to the sentence recommended by the Magistrate Judge;

(3) waived his right to be present and speak, and his right to have counsel present and speak, before the District Judge imposes the recommended sentence; and

(4) consented to allocution before the undersigned United States Magistrate.

## **RECOMMENDATION AND FINDINGS OF THE MAGISTRATE**

The Court factually finds by a preponderance of the evidence presented that Defendant, Carl Thomas Kingston, violated terms of his supervision by failing to participate in a program of testing and treatment for drug and alcohol abuse as directed, a Grade C violation. *See* U.S.S.G. § 7B1.1(a). The federal sentencing guidelines are advisory in nature, but the Court may consider them, along with the facts of the proceeding, in reaching its decision on the appropriate sentence for Defendant's revocation.

Therefore, based upon the factors and evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true of Defendant and revoke Defendant's supervised release. Accordingly, based on Defendant's plea of true and the evidence presented, the undersigned magistrate recommends that the District Court order Defendant to serve a term of thirteen (13) months imprisonment with no further supervision. Pursuant to the evidence presented and Defendant's request at the revocation hearing, the Court also recommends that Defendant receive any substance abuse treatment available to him while he is incarcerated.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. §

636(b)(1)(c).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of June, 2005.**

                                        KEITH F. GIBLIN
                                        UNITED STATES MAGISTRATE JUDGE